Stimson *v.* Estes.

---

DANIEL S. STIMSON, RESPONDENT, *v.* ESTES AND STIMSON, APPELLANTS.

*Appeal from Multnomah County.*

REFEREE, POWER OF.—It is the intention of the statute that trials before a referee proceed in the same manner as trials before a court, and that referees are clothed with the same authority in directing the manner of a trial, and in deciding motions which may arise during its progress.

THE facts are stated in the opinion.

*Mitchell & Dolph*, for the appellants.

*C. A. Dolph* and *W. Lair Hill*, for the respondents.

BOISE, J. This is an action to recover on an account for labor performed for the defendants of the reasonable value as alleged of one hundred and eighty-nine and $\frac{80}{100}$ dollars, and for superintending the performance of certain street contracts in the city of Portland, under an agreement with the defendants, by the terms of which plaintiff was to receive for such service in superintending said street contracts, one-third of the profits accruing from street contracts, which profits plaintiff alleges in his complaint to have been two thousand eight hundred and one and $\frac{79}{100}$ dollars.

In their answer the defendants deny plaintiff's claim for service, but admit that the plaintiff superintended the street contracts as alleged, and that he was to have one-third of the profits thereof as alleged, but defendant says that the profits of such contracts were only six hundred and eighty dollars; and defendants further allege that they bought lot one in block seven with a part of the proceeds of said contracts for the joint benefit of plaintiff and defendants, and ask to have the purchase price thereof allowed in settlement.

Plaintiff in his replication denies the purchase of the lot with his knowledge or consent.

The case being at issue was referred to Geo. H. Durham, Esq., and he directed to hear the same and report the evidence and his findings of the facts and conclusions of law.

On the trial before the referee the plaintiff introduced his evidence and rested. Defendants then introduced their evidence in reply to plaintiff's evidence, and also evidence to support their answer and rested.

Plaintiff was then recalled and examined to rebut some new matter contained in the testimony of the defence, after defendants had cross-examined this witness the plaintiff rested his case.

Defendants' counsel then stated as follows (from the report): "We now offer Mr. Pennoyer as a witness."

Plaintiff's counsel objected on the ground, that both defendants and plaintiff had rested their cases. (Referee goes on to say); " In ruling on the objection, I stated that if defendants wished to introduce testimony to impeach the rebutting witness of plaintiff, they had a right to do so, and the evidence would be admitted; or if they would show that by any accident or mistake, they had omitted anything necessary to their defense it would be admitted on such showing, otherwise it would not. They refused to state what they expected or wished to show, merely stating that they wished to ask what they had a legal right to." The referee than refused to open the case on this statement.

The question now presented to this court is, ought the court below to have set aside the report of the referee because he refused to receive and reduce to writing the testimony so offered by the defendant's counsel.

The counsel for the defendants rely on the statute, page 194, sec. 274, which provides (on trial before referee): "If evidence offered by either party, shall not be admitted on the trial, and the party offering the same, except to the decision rejecting such evidence at the time, the exception shall be noted by the referees, and they shall take and receive such testimony and file it with the report."

This matter involves the consideration of the manner of conducting a trial before a referee, as to his discretion in controlling the order of the trial. In a trial before a court, the rule is that plaintiff shall first introduce his proof, and when he has rested, the defendant shall introduce his proof, and when he has rested, the plaintiff may introduce testimony to rebut any new matter shown by the defendant— and when plaintiff has closed his rebutting testimony, the defendant cannot open his case again, except by leave of the court, and if the court allow it, it is a matter of discretion, and the order refusing the motion to reopen, is not subject to exception.

If during a trial, while a party is producing his testimony, and before he closes his case offers testimony which is refused by the court, such party may except to such refusal,

and his exception must be allowed, and the testimony offered should be embodied in a bill of exception, so that the superior court can judge of its competency, on an appeal.   And I think it was only the intention of the statute to extend this practice to trials before referees, so that their errors might be brought before the court in the same manner as the errors of an inferior court are brought before the appellate court; and that it is the intention of the statute that trials before referees shall proceed in the same manner as trials before a court, and that they are clothed with the same authority in directing the manner of the trial, and deciding matters which may arise during its progress; and that in such trials the order of producing proof is the same as in trials before a court. In fact, that the referee sits as the court in all respects.   I think this is clearly indicated by section 223, of the code, where it is provided that "The trials by referees shall be conducted in the same manner as a trial by the court."

The construction contended for by the counsel for the appellants would take from the referee all control of the trial in respect to the order of the proofs and would be at variance with general practice.   I think the words of the two hundred and twenty-fourth section of the statute, "If evidence offered by either party shall not be admitted," only refers to evidence offered in the course of a trial conducted as a court in the usual and established mode—and not to evidence offered out of order, and which it is in the *discretion* of the court to *refuse*.

The judgment will be affirmed.